UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEIFEI GU,<br><br>                    Plaintiff,<br><br>-against-<br><br>HANG CHEN; CHAT MUI CHAN; UNITED STATES OF AMERICA; RE/MAX REAL ESTATE PROFESSIONALS,<br><br>                    Defendants. | 24-CV-5209 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. Plaintiff asserts claims arising from incidents in Brooklyn, New York, and civil and criminal litigation in Kings County, New York. Plaintiff sues RE/MAX Real Estate Professionals (Re/Max), a real estate brokerage in Brooklyn, its owner-operator Chat Mui Chan and agent Hang Chen, and the United States of America. Plaintiff's earlier suit in this court arising from similar facts against many of the same defendants was transferred to the United States District Court for the Eastern District of New York. *See Gu v. Chen*, No. 1:24-CV-4612, 4 (S.D.N.Y. June 28, 2024).[1] For the following reasons, this action is also transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

---

[1] That action was opened in the Eastern District of New York under docket number 24-CV-4756 (EK) (LB) (E.D.N.Y.), where it remains pending.

> brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated her rights in connection with matters that took place in Brooklyn, New York, including civil and criminal litigation in state court in Kings County. Brooklyn, Kings County is in the Eastern District of New York. 28 U.S.C. § 112(c). Plaintiff does not allege that any of the events giving rise to her claims against Defendants Chen, Chan, and ReMax took place within this district, and venue of these claims thus does not appear to be proper here under Section 1391(b)(2). It is unclear whether venue under Section 1391(b)(1) of Plaintiff's claims against Defendants Chen, Chan, and ReMax is proper in this district, because it is unknown whether all defendants reside in New York and any defendant resides in this district. Venue of these claims is proper in the Eastern District of New York, where the claims arose, under Section 1391(b)(2).

Plaintiff asserts that venue is proper in this district because she reported "federal crimes" by mailing a form to the Federal Bureau of Investigation office in the Southern District of New York. Plaintiff seeks damages from the United States under the Federal Tort Claims Act (FTCA) for the alleged failure to investigate her allegations of criminal wrongdoing. Venue for an FTCA claim lies "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff resides in Kings County, New York, and she can be understood as alleging that her claims against the United States arose in New York

2

County. Venue of the FTCA claim thus appears to be proper either in this district or the Eastern District of New York.

Even when venue is proper in the district where a case was filed, the court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events involving Defendants Chen, Chan, and ReMax occurred in Brooklyn, and the Eastern District appears to be a more convenient forum for this action. Moreover, Plaintiff already has a potentially related action pending in that district, *Gu*, No. 24-CV-4756 (EK) (LB) (E.D.N.Y.). After consideration of the relevant factors, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making

3

determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in this district.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 11, 2024
       New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge